UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEGASYSTEMS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-11776-LTS |
| APPIAN CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS (DOC. NO. 19)

January 5, 2024

SOROKIN, J.

According to Pegasystems Inc.'s allegations in the Amended Complaint, Appian Corporation sued Pegasystems in Virginia state court in 2020. Doc. No. 17 ¶ 17. Two of Appian's claims went to trial. Id. After a seven-week jury trial, Appian prevailed on its claim for monetary damages for violation of the Virginia Computer Fraud and Abuse Act, for which the jury awarded it one dollar in damages. Doc. No. 20 at 9; Doc. No. 17 ¶ 26. Appian also prevailed on its claim for violation of the Virginia Theft of Trade Secrets law, for which the jury awarded it more than $2 billion in damages. Doc. No. 17 ¶ 30.

Pegasystems has since appealed the Theft of Trade Secrets award, and its appeal remains pending. Id. Pegasystems has not challenged on appeal the other portion of the verdict. Id. ¶ 28. The lawsuit presently before this Court arises because Pegasystems alleges that, following the jury verdict, Appian or its employees made various false or misleading statements about the verdict and its meaning. Id. ¶ 40. In its Amended Complaint, Pegasystems claims that, through

these statements, Appian defamed Pegasystems, committed common-law trade libel, and violated the Lanham Act's prohibitions on false and misleading statements. Id. ¶¶ 118-40.

Appian has moved to dismiss the Amended Complaint. Doc. No. 19. First, Appian argues that many of the statements challenged are not actionable. Doc. No. 20 at 16. Additionally, Appian urges that Pegasystems's common-law claims are time-barred under Virginia's one-year statute of limitations. Id. at 10. Before the Court now is only the narrow question of whether, when drawing all reasonable inferences in Pegasystems's favor, Pegasystems has plausibly and timely alleged actionable statements supporting its various claims. Azurity Pharms., Inc. v. Edge Pharma, LLC, 45 F.4th 479, 484 (1st Cir. 2022). This Pegasystems has done. As the Court will briefly explain, the determinations Appian requests the Court make, both on the merits and as to the governing limitations period, require consideration of facts outside the pleadings and conclusions more properly made at summary judgment or at trial.

First, to determine whether the three-year limitations period provided under Massachusetts law or Virginia's one-year period applies, this Court must evaluate which state has a "more significant relationship to the parties and the occurrence." Nierman v. Hyatt Corp., 808 N.E.2d 290, 292 (Mass. 2004) (citing Restatement (Second) Conflict of Laws § 142 & cmt. g). The Court cannot make this assessment without further factual development. For example, the extent to which statements were disseminated in Massachusetts and/or Virginia, and the kind of harm allegedly suffered in one or both places, will bear on which state has the "more significant relationship." In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig., 76 F. Supp. 3d 294, 307 (D. Mass. 2015) (outlining relevant choice-of-law principles). Further, even if the shorter one-year period were to apply, as Appian argues, that would not justify dismissal of

this action in its entirety. Pegasystems bases its claims on a series of statements, at least some of which arose less than a year before this lawsuit was filed. See, e.g., Doc. No. 17 ¶¶ 85, 92, 94.

Second, similar fact questions prevent the Court from accepting (or fully evaluating) Appian's position regarding the merits or sufficiency of Pegasystems's allegations supporting its claims. Defamation is the "publication, either orally or in writing, of a statement concerning the plaintiff which is false and causes damage to the plaintiff." Yohe v. Nugent, 321 F.3d 35, 39 (1st Cir. 2003). Pegasystems's other two claims also depend on a showing that the statements were either false or contained misrepresentations. See 15 U.S.C. § 1125(a)(1)(B); Advanced Tech. Corp. v. Instron, Inc., 66 F. Supp. 3d 263, 267-68 (D. Mass. 2014). The Court cannot evaluate at this stage the truth, falsity, or accuracy of the statements at issue here, as that assessment may depend on context, the speaker's state of mind, and other matters not capable of resolution on the pleadings. For example, the Court cannot appraise statements that characterize views attributed to Pegasystems's customers without knowing more about what (if anything) the customers at issue said. See, e.g., Doc. No. 17 ¶¶ 72, 78.

In sum, Appian's motion presents serious legal challenges to Pegasystems's claims, but it does so prematurely. Accordingly, the Motion to Dismiss (Doc. No. 19) is DENIED. The Clerk shall schedule a Rule 16 Conference.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge