UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEGASYSTEMS INC.,

    *Plaintiff*,

v.

APPIAN CORPORATION,

    *Defendant*.

Case No. 1:23-cv-11776-LTS

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

**WHEREAS,** certain information, documents, and things that contain confidential information or information otherwise protectable under Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the Parties and/or non-parties to this Action voluntarily and/or in response to discovery demands;

**WHEREAS,** it would serve the interests of the Parties to conduct this proceeding and discovery herein under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

**WHEREAS,** the Parties acknowledge that (i) disclosure and discovery activity in this Action are likely to involve the production of information that may be covered by Regulation 2016/679 of the European Parliament, titled the General Data Protection Regulation ("GDPR"); (ii) Article 44 of the GDPR limits transfers of personal data; (iii) under Article 49 of the GDPR, information subject to the regulation may be transferred where such information is "necessary for the establishment, exercise or defence of legal claims" (GDPR Art. 49 (1)(e)), and (iv) a Protective Order in this case should be used

to protect information subject to the GDPR and to minimize the access to and disclosure of such information.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Order shall apply to all Confidential Information and Highly Confidential Information as provided in this Order.

2. The following definitions shall apply to this Order:

    a. <u>Action</u>: the above-captioned action: *Pegasystems Inc. v. Appian Corporation*, No. 1:23-cv-11776-LTS (D. Mass).

    b. <u>Party (or Parties)</u>: any party to this Action, including its officers, directors, and employees.

    c. <u>Confidential Information</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action, that are designated by any Party or non-party pursuant to this Order as CONFIDENTIAL as set forth herein.

    d. <u>"CONFIDENTIAL" Information or Items</u>: materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Producing Party or Designating Party in good faith believes contain information that is: (1) confidential, sensitive, competitive, or potentially invasive of privacy interests; (2) not generally known; and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is such that the Producing Party or Designating Party would require such third parties to maintain the information in confidence.

    e. <u>Highly Confidential Information:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony,

transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Action, that are designated by any Party or non-party pursuant to this Order as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" as set forth herein.

   f. <u>"HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" Information or Items</u>: particularly sensitive Confidential Information (as defined in Paragraph 2.d. *supra*), the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the competitive position of the Designating Party.

   g. <u>Receiving Party</u>: a Party that receives Confidential Information or Highly Confidential from a Producing Party or a Designating Party.

   h. <u>Producing Party</u>: a Party or non-party that produces Confidential Information or Highly Confidential Information.

   i. <u>Designating Party</u>: a Party or non-party that designates Confidential Information or Highly Confidential Information.

   j. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party to this Action.

   k. <u>In-House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

   l. <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staff).

   m. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or a current employee of a Party or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

n. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, eDiscovery, organizing or storing or retrieving data in any form or medium, etc.) and their employees and subcontractors.

o. **Destroy**: the shredding of hardcopy and permanent deletion of electronically stored information.

p. **Personal Data**: shall have the meaning given in Article 4 of the GDPR, namely any information relating to an identified or identifiable natural person data subject who is a resident of the European Economic Area; an identifiable natural person is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that natural person.

q. **Sensitive Personal Data**: shall mean Personal Data outlined in Article 9 of the GDPR, including information revealing racial or ethnic origin, political opinions, religious or philosophical beliefs, or trade union membership, genetic data, biometric data for the purpose of uniquely identifying a natural person, data concerning health or data concerning a natural person's sex life or sexual orientation.

3. A Party and/or non-party witness may designate material CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY only if it in good faith deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 of the Federal Rules of Civil Procedure and as defined herein.

4. In the case of information voluntarily disclosed in this Action or disclosed as a result of discovery, a Party may identify and mark Confidential Information or Highly Confidential Information at the time when a copy of a document is provided, or at the time of the inspection of the thing.

5.        For testimony given in deposition or in other proceedings, Counsel for the Party or non-party offering or sponsoring the testimony may invoke the protections of this Order by: (i) stating on the record before the close of the deposition, hearing, or other proceeding that some or all of the testimony is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY; or (ii) designating the transcript or portions with such designations in writing within fifteen (15) business days after receipt of the final transcript. If such a designation is not made before the close of the deposition, hearing, or other proceeding, all information disclosed during a deposition, hearing, or other proceeding shall be deemed HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY for fifteen (15) business days after receipt of the final transcript.  The court reporter shall affix conspicuously on each designated page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

6.        Inadvertent failure to designate Confidential Information or Highly Confidential Information as such prior to disclosure, production, or response will not prevent a subsequent confidentiality designation in writing promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the Receiving Party prior to receipt of the written notification shall not be a violation of this Order.

7.        Unless otherwise ordered by the Court or permitted in writing by the Producing Party or the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    a.        The Receiving Party's Outside Counsel of record in this Action, as well as their employees to whom it is reasonably necessary to disclose Confidential Information in this Action;

    b.        Experts (as defined in this Order) of the Receiving Party and their supporting personnel to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      c.      The Court and its personnel (including court reporters);

      d.      Persons who appear on the face of the designated item or information as an author, addressee, or recipient of the designated item or information, or have prior knowledge of the designated item or information as established through testimony; notwithstanding the foregoing, a Receiving Party may disclose any information designated "CONFIDENTIAL" by the Producing Party to any current employee of the Producing Party at a deposition;

      e.      The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      f.      Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure;

      g.      Jury or trial consultants retained by a Party in this Action;

      h.      Mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that the mock jurors will not be allowed to retain any tangible information or items that contain or disclose any Confidential Information and the mock jurors first sign the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      i.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

      j.      Any other person that the Parties hereto agree to in writing.

Any person to whom disclosure will be made pursuant to Paragraphs 7(b), (e), (h), or (j) of this Order shall be given in advance a copy of this Order and shall acknowledge that he or she is subject to the terms of this Order by executing the "Agreement to be Bound by Protective Order" attached here as Exhibit

A. Counsel for each Party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 7(b), (e), (h) or (j) to whom counsel has disclosed or exhibited any Confidential Information.

8.      Unless otherwise ordered by the Court[1] or permitted in writing by the Producing Party or the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" only to:

  a.    The Receiving Party's Outside Counsel in this Action, as well as their employees to whom it is reasonably necessary to disclose Highly Confidential Information in this Action;

  b.    Three designated In-House Counsel of the Receiving Party (and the administrative assistant of one in-house counsel), to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided the identity of each individual is disclosed to the Producing Party or Designated Party prior to the disclosure of any Highly Confidential Information. Notwithstanding the foregoing, no party shall be precluded from seeking leave to allow additional in-house counsel access to Highly Confidential Information;

  c.    Experts (as defined in this Order) of the Receiving Party and their supporting personnel to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  d.    The Court and its personnel (including court reporters);

  e.    Persons who appear on the face of the designated item or information as an author, addressee, or recipient of the designated item or information, or have prior knowledge of the designated item or information as established through testimony; notwithstanding the foregoing, a Receiving Party

---

[1] Per the Court's guidance at the April 16, 2024 hearing, the Parties may seek relief from this provision to allow non-attorney business executives access to documents designated as HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY as appropriate or necessary.

may disclose any information designated "HIGHLY CONFIDENTIAL - COUNSEL'S EYES ONLY" by the Producing Party to any current employee of the Producing Party at a deposition;

  f. Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure;

  g. Jury or trial consultants retained by a Party in this Action;

  h. Mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that the mock jurors will not be allowed to retain any tangible information or items that contain or disclose any Highly Confidential Information and the mock jurors first sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

  j. Any other person that the Parties hereto agree to in writing.

Any person to whom disclosure will be made pursuant to Paragraphs 8(b), (c), (h) or (j) of this Order shall be given in advance a copy of this Order and shall acknowledge that he or she is subject to the terms of this Order by executing the "Agreement to be Bound by Protective Order" attached here as Exhibit A. Counsel for each Party shall maintain copies of executed recitals with respect to all persons described in Paragraphs 8(b), (c), (h), or (j) to whom counsel has disclosed or exhibited any Highly Confidential Information.

  9. Absent Court order, Confidential Information or Highly Confidential Information bearing the labels specified in Paragraph 3 hereof shall not be made public by a Party or witness to whom they are disclosed, unless they become a part of the public record of this Action. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and

any pleadings, motions, or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed under seal and kept under seal until further order of the Court.  Where possible, only confidential portions of filings with the Court shall be filed under seal.

10. This Protective Order shall not foreclose any of the Parties from moving this Court for an order that materials bearing the label specified in Paragraph 3 hereof are, in fact, not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure, or that materials voluntarily disclosed by a Party in these proceedings should not be subject to the protections of this Order.  However, before making any such motion, the Receiving Party must identify the specific material (in the case of Document(s) by Production Number) to the Producing Party or Designating Party and provide a brief explanation of why the confidentiality designation should be corrected, so that the Producing Party or Designating Party may evaluate the request.  In addition to service on the opposing Party, a copy of any such motion shall be served on any non-party who designated the material at issue as Confidential Information or Highly Confidential Information, and such non-party shall have standing to oppose such motion before the Court. On such motion, the Receiving Party shall have the burden of proving that the material in question is not within the scope of protection afforded by Rule 26(c) of the Federal Rules of Civil Procedure and/or that disclosure of the material should not be restricted. Nothing contained herein shall preclude a Party or non-party witness from: (a) using or disseminating its own Confidential Information or Highly Confidential Information in any way; (b) disclosing information taken from a document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY to any person who on the face of that document is shown as having previously received the document; (c) disclosing information which, at the time of disclosure, was already in the recipient's possession or available to it from any other source having no obligation to the Party or non-party witness which is the source of said information or which is, or at any time hereafter becomes, available to the public or which,

after access is gained through disclosure in this Action, is at any time obtained by the recipient from any other person, firm, or company having no obligation to or relationship with the source of said information; or (d) waiving any provision in this Order with respect to any Confidential Information designated by it without further order of the Court.

      11.      This Protective Order shall not prevent any of the Parties or non-party witnesses from applying to the Court for relief herefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

      12.      Subject to the limitations of this Protective Order, Confidential Information or Highly Confidential Information identified in accordance with Paragraph 3 hereto may be used during discovery, during any motion hearings, at the trial of this Action, or in support or in opposition to any motions in this Action subject to the Federal Rules of Evidence and subject to any further Order as this Court may enter, and may be used to prepare for discovery and/or trial and/or any motions in this Action; provided, however, that those portions of such testimony, evidence, and motion papers containing Confidential Information or Highly Confidential Information shall also be considered Confidential Information or Highly Confidential Information subject to the strictures of this Protective Order and must be filed with the Clerk of this Court in accordance with Paragraph 9 of this Order. When Confidential Information or Highly Confidential Information or other documents containing such information are presented, quoted, or referenced in any hearing, trial, or other proceeding before the Court, counsel of record for the offering Party shall make such intent known so that the Designating Party may request that the Court ensure that, consistent with applicable legal restraints, only persons entitled to receive Confidential Information or Highly Confidential Information are present during such presentation, quotation, or reference.

13.     In the event that a Receiving Party shall desire to provide access to Confidential Information or Highly Confidential Information hereunder to any person or category of persons not included in Paragraph 7 or 8 respectively, it shall meet-and-confer with the Producing Party or Designating Party, and only if necessary, move this Court for an order that such person or category of persons may be given access to the Confidential Information or Highly Confidential Information.  In the event that the motion is granted, such person or category of persons may have access to the Confidential Information or Highly Confidential Information, provided that such person or persons agree in writing, before such access is given, to be bound by the terms of this Protective Order.

14.     Unless otherwise ordered or agreed in writing by the Producing Party or Designating Party, within ninety (90) business days after the final adjudication of this Action including appeals (or resolution through settlement), each Receiving Party shall destroy all Confidential Information and Highly Confidential Information.  Each Receiving Party shall submit a written certification upon request to the Producing Party or Designating Party that all Confidential Information and Highly Confidential Information was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information and Highly Confidential Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts, written discovery responses, legal memoranda, correspondence (including email), and attorney work product, even if such materials contain Confidential Information or Highly Confidential Information, provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Order. A Party need not destroy Confidential Information or Highly Confidential Information that it designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY. A Party that has disclosed Confidential Information or Highly Confidential Information to those persons or entities identified in

Paragraph 7 or 8, respectively, is responsible for ensuring that those persons and entities have destroyed such Information and shall include confirmation of the same in the above-described written certification.

15. A court reporter shall not furnish copies of any transcript of any deposition taken by any Party which is designated in part or in whole as Confidential Information or Highly Confidential Information to any person other than to attorneys of record for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this Action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information or Highly Confidential Information. If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this Action, filed under seal in accordance with Paragraph 9 above unless otherwise agreed upon by the Parties.

16. If a Producing Party or Designating Party produces or provides in discovery any information that it believes is subject to a claim of attorney-client privilege, work-product immunity, or any other privilege, protection, or immunity, such action shall not constitute a waiver of the applicable privilege, protection, and/or immunity consistent with Rule 502(d) of the Federal Rules of Evidence. The Producing Party or Designating Party may assert any such privilege or work-product claim promptly upon discovery of its production by notifying the Receiving Party of its claim in writing. Upon receipt of such written notice, the Receiving Party shall destroy all such information (including, without limitation, all originals and copies of any documents containing or comprising such information, and any information incorporated into its own work product) within three (3) business days of receiving such written notice. The Receiving Party shall promptly provide to the Producing Party or Designating Party a written certification of the complete destruction of such information (including, without limitation, all originals and copies of any documents containing or comprising such information). Destruction of the information by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the information is, in

fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the Receiving Party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production. After the destruction, the Receiving Party may challenge the Producing Party's or Designating Party's claim(s) of privilege or work-product by making a motion to the Court.

17. The Parties agree that the procedures in this Order take the place of redactions of Confidential Information and Highly Confidential Information, and that no Party may redact or withhold a document exclusively on the basis that it contains Confidential Information or Highly Confidential Information.

18. The Producing Party shall redact Sensitive Personal Data subject to the GDPR. The Producing Party shall label any such redacted information as "PII REDACTION." The Receiving Party may inquire as to the nature of the redacted information to the extent necessary to allow consideration of the appropriateness of the redaction. The Parties do not anticipate that any Sensitive Personal Data will have relevance to the Party's claims or defenses, but in the event there may be some relevance, the Parties shall work together in good faith to find a path forward that would allow disclosure of the relevant data consistent with their obligations.

19. For Personal Data not subject to Paragraph 18 of this Protective Order, but that is or may be otherwise subject to the GDPR, the Producing Party shall designate any information or documents containing such Personal Data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" pursuant to the terms of the Protective Order.

20. All notices and written certifications required by this Order are to be served by email. The date by which a Party to this Action receiving a notice shall respond, or otherwise take action, shall be

computed from the date that the email was sent, unless the email was sent after 5:00 pm Eastern Time, in which case it shall be computed from the next day.

21. In the event that a Party or non-party witness to which Confidential Information or Highly Confidential Information has been disclosed receives a discovery request, subpoena, order, or other form of compulsory process requiring that it (the "Subpoenaed Party") produce information, documents, things, or other materials that have been designated as Confidential Information or Highly Confidential Information, the Subpoenaed Party shall object to such production on the ground of confidentiality and shall promptly notify the Producing Party or Designating Party of the demand. If the Producing Party or Designating Party elects to resist production of the materials, it shall promptly so notify the Subpoenaed Party, and the latter shall cooperate in affording the Producing Party or Designating Party the opportunity to oppose or limit production of the materials, provided that the Producing Party or Designating Party shall bear all expenses, including attorneys' fees, incurred by the Subpoenaed Party in connection therewith.

22. This Protective Order is subject to the provisions of Local Rule 7.2.

23. This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

24. The Parties are free to seek relief from the Court at any time regarding any provision of this Protective Order.

                                                                                                        Respectfully submitted,

Dated: April 24, 2024                         */s/ R. David Hosp*

                                                ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                R. David Hosp (BBO No. 634091)
                                                Mark S. Puzella (BBO No. 644850)
                                                Caroline K. Simons (BBO No. 680827)

222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 880-1800
Fax: (617) 880-1801
dhosp@orrick.com
mpuzella@orrick.com
csimons@orrick.com

*Counsel for Plaintiff Pegasystems Inc.*

/s/ Timothy H. Madden_____

Timothy H. Madden (BBO No. 654040)
Nicholas J. Ramacher (BBO No. 680258)
Donelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
Tel: (617) 720-2880
Fax: (617) 720-3554
thm@dcglaw.com
njr@dcglaw.com

PATTERSON BELKNAP WEBB & TYLER LLP

Adeel Mangi (pro hac vice)
Jeffrey S. Ginsberg (pro hac vice)
Jonah M. Knobler (pro hac vice)
Clinton W. Morrison (pro hac vice)
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Tel:  (212) 336-2000
Fax: (212)336-2222
aamangi@pbwt.com
jginsberg@pbwt.com
jknobler@pbwt.com
cmorrison@pbwt.com

*Counsel for Defendant Appian Corporation*

SO ORDERED this 25 day of April 2024

/s/ Leo T. Sorokin
_____
Honorable Leo T. Sorokin
United States District Judge

**Exhibit A – Agreement to be Bound by Protective Order**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PEGASYSTEMS INC.,

    *Plaintiff*,

v.

APPIAN CORPORATION,

    *Defendant*.

Case No. 1:23-cv-11776-LTS

1. I, _____, have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Massachusetts in the case of *Pegasystems Inc. v. Appian Corporation* and agree to be bound by its terms with respect to any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY that are furnished to me as set forth in the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

2. I further agree (a) not to disclose to anyone information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY other than as set forth in the Order; and (b) not to make any copies of any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY furnished to me except in accordance with the Order.

3. I hereby consent to the jurisdiction of the United States District Court for the District of Massachusetts with respect to any proceedings to enforce the terms of the Order.

4. I hereby agree that any information, documents, or materials designated by the Parties and/or non-parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY furnished to me will be used by me only for the purposes of the Action *Pegasystems Inc. v. Appian Corporation*, No. 1:23-cv-11776-LTS, pending in the United States District Court for the District of Massachusetts, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

Dated: _____        Signature:_____

                                                          Printed Name: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ R. David Hosp
R. David Hosp