UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEGASYSTEMS INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPIAN CORPORATION, ) <br> ) <br> Defendant. ) | Civil No. 23-11776-LTS |

ORDER ON CASE MANAGEMENT

April 1, 2025

SOROKIN, J.

The parties to this defamation action—Pegasystems Inc. ("Pega") and Appian Corporation—have put a number of issues relating to case management and discovery before the Court. Below, the Court establishes a new schedule for this case, sets a deadline for Pega to produce a privilege log, and ALLOWS IN PART and DENIES IN PART Pega's Motion to Compel, Doc. No. 189.

I. CASE SCHEDULE

On April 25, 2024, after consultation with the parties, the Court set a "firm and definite" trial date of February 2, 2026. Doc. No. 66; Doc. No. 79 at 32:17–23. On November 26, 2024, Appian filed a Motion to Stay Discovery. Doc. No. 136. On January 21, 2025, at the parties' joint request, the Court suspended all discovery deadlines pending resolution of the Motion to Stay while allowing written discovery and document production to continue. Doc. No. 159. On March 11, the Court denied the Motion to Stay as moot and lifted the suspension of discovery deadlines. Doc. No. 185. On March 25, 2025, the parties filed a Joint Status Report, with each

party proposing its own schedule for how the case should proceed. Doc. No. 188. Although both schedules proposed discovery deadlines extending past the original trial date of February 2, 2026, neither party explicitly requested that the Court move the trial date or even addressed the matter in their filing. Id. at 2. The Court held a lengthy conference with the parties on March 27, at which both parties expressed the view that the original trial date was no longer realistic. After consideration, the Court reluctantly agrees to move the trial date and revise the case schedule. The Court adopts the schedule proposed by Pega, reproduced below:

| Event | Date |
|---|---|
| Deadline to serve final written discovery (including requests for production of documents, interrogatories and requests for admission) | May 13, 2025 |
| Substantial completion of document productions responsive to all RFPs | July 15, 2025 |
| Deadline to complete fact discovery (inclusive of fact depositions) | October 31, 2025 |
| Post-Discovery Status Conference | November 7, 2025 |
| Trial experts for the party with the burden of proof must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed | December 12, 2025 |
| Rebuttal trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed | January 22, 2026 |
| All trial experts must be deposed | February 19, 2026 |
| Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, with the opposition due thirty days thereafter | March 26, 2026 |

The Court anticipates briefing on dispositive motions will be complete approximately two to three months after filing. The Court will determine the particular schedule and format for

2

such briefing closer to the deadline and after discussion with the parties. The Court anticipates resolving dispositive motions no later than mid-to-late October 2026.

Additionally, the Court sets the start of trial for November 30, 2026. This is a firm and definite date. If either party foresees a problem with this date, the parties should confer and file a joint statement setting forth their positions on an alternate trial date by April 14, 2025. Thereafter, the Court will not move the trial date absent compelling and unforeseen circumstances.

Finally, in order to keep this case on track in light of the myriad disputes the parties have already identified, the Court will now hold periodic status conferences. Going forward, if the parties have a discovery or case-management dispute which they wish the Court to address at such a conference, they shall confer and file a joint status report setting forth their positions on the matter(s) in dispute no later than one week before the status conference. The Court will then do its best to rule on the dispute(s) within one week after the status conference. The first set of status conferences shall be held: on May 6, 2025, at 10:00 a.m.; on June 5, 2025, at 10:00 a.m.; and on July 9, 2025, at 10:00 a.m. The Court may schedule later status conferences as needed. In accordance with the parties' preferences, these status conferences shall be in person unless the parties request otherwise.

II. <u>PRIVILEGE LOG</u>

At the conference on March 27, Appian also requested that the Court set a deadline for Pega to provide a privilege log for material produced by Pega's public-relations firm Edelman pursuant to a third-party subpoena. The Court agrees that it should establish a deadline and agrees with the ten-week schedule suggested by Pega. The practical reasons advanced by Pega support this schedule. Therefore, Pega shall provide to Appian a privilege log with respect to material produced by Edelman no later than June 6, 2025.

III.   PEGA'S MOTION TO COMPEL

On March 25, the parties filed a Joint Statement, in which Pega seeks discovery related to whether Appian's "alleged trade secrets were widely available, generally known and/or readily ascertainable by proper means, or . . . Appian failed to employ reasonable efforts to maintain the secrecy of its alleged trade secrets." Doc. No. 189 at 3. Pega ties this requested discovery to Appian's counterclaims for trade libel, Lanham Act violations, and Massachusetts General Laws chapter 93A violations based on statements on a Pega website to the effect that the litigation underlying this case (the "Virginia Litigation") was "a trade secrets case with no trade secrets." Id. at 2. At the conference on March 27, the parties agreed that this discovery request seeks only information relating to the trade secrets at issue in the Virginia Litigation (and that the underlying counterclaims similarly concern only the trade secrets or alleged trade secrets at issue in the Virginia Litigation). The parties dispute, however, whether this discovery should be limited to only the trial record in the Virginia Litigation. That is, do the complained-of statements assert that Appian failed to prove the protected status of its alleged trade secrets at trial (Appian's position), or do they assert that Appian failed to protect its alleged trade secrets in general (Pega's position)?

The Court reads the complained-of statements as being limited to the context of the trial in the Virginia Litigation. The Pega website on which the statements appear focuses almost exclusively on that trial. See generally Doc. No. 189-2. For example, Appian identifies in its counterclaims the following statement from the website: "Appian failed the basic threshold requirement of keeping a 'trade secret' secret, forfeiting the right to legal protection." Doc. No. 44 ¶ 62. On the website, that statement appears under the subheading, "Appian's claims don't qualify as 'trade secrets'" and is immediately followed by the statement, "[b]y allowing the verdict to stand despite the absence of any trade secrets, the trial court committed a fundamental

4

error in interpreting the law." Doc. No. 189-2 at 5.  In this context, Pega was asserting not that Appian had failed to protect its alleged trade secrets in general but that the record at trial—including evidence Pega believes was erroneously excluded from trial—did not show that Appian had protected its alleged trade secrets.  As such, Pega is entitled only to the trial record in the Virginia Litigation, along with any evidence that either party offered or attempted to offer but was excluded at trial.  To the extent that Pega asserts it does not currently possess any discovery within that encincture, it shall identify that discovery by April 7, 2025, and Appian shall produce the requested discovery by April 14, 2025.  Otherwise, Pega's Motion to Compel, Doc. No. 189, is DENIED.

                                                          SO ORDERED.

                                             /s/ Leo T. Sorokin
                                            United States District Judge