UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEGASYSTEMS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-11776-LTS |
| APPIAN CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER ON JOINT STATUS REPORTS (DOC. NOS. 212, 213)

May 7, 2025

SOROKIN, J.

      Pursuant to the Court's Order on Case Management, Doc. No. 194, Pegasystems Inc. ("Pega") and Appian Corporation have filed two status reports putting before the Court various discovery disputes in this defamation action. The Court held a conference regarding these disputes on May 6, 2025. For the reasons that follow, Pega's Motion to Compel, Doc. No. 212, is ALLOWED IN PART and DENIED IN PART and Appian's Motion to Compel, Doc. No. 213, is ALLOWED IN PART and DENIED IN PART.

I.    LEGAL STANDARD

      Generally, a party is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under the Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The moving party bears the initial burden of showing that the requested discovery meets the above relevance requirement. Roy v. FedEx Ground Package Sys., Inc., 675 F. Supp. 3d 140, 144 (D. Mass.

2023). If the moving party makes that showing, the burden then shifts to the non-moving party to show that the requested discovery is otherwise improper. Id.

## II. PEGA'S MOTION TO COMPEL

Pega asks for an order compelling Appian to search for and produce documents and communications from custodians from its sales and marketing teams regarding the challenged statements and substantially similar statements responsive to several of Pega's document requests. Appian does not seem to contest the relevance of the requested documents. Appian's only ground for refusing to make this production—that Pega has not committed to a reciprocal production—is not a valid reason to withhold discovery. See Trs. of Bos. Univ. v. Everlight Elecs. Co., No. 12-CV-11935-PBS, 2014 WL 12927018, at *3 (D. Mass. Sept. 26, 2014) (noting that a party may not "condition its compliance with its discovery obligations on receiving discovery from its opponent"). Although Appian promises to produce these documents if Pega makes the reciprocal production, which is one of the subjects of its Motion to Compel below, that promise does not suffice to defeat Pega's requested relief. Therefore, Pega's Motion to Compel, Doc. No. 212, is ALLOWED to the extent that Appian must produce documents from its sales and marketing teams containing, discussing, or referring to the challenged statements or substantially similar statements; otherwise, the motion is DENIED.[1]

## III. APPIAN'S MOTION TO COMPEL

Appian's Motion to Compel makes four requests, which the Court deals with seriatim.

---

[1] At the conference, Pega further requested the Court order Appian to disclose the search terms it was using on documents from its sales and marketing teams. Although Pega alludes to such a request in its papers, see Doc. No. 212 at 6, neither party briefed the specific issue of Appian's search terms, so the Court declines to delve deeper into that imbroglio. In any event, discovery serves the obvious purpose of obtaining evidence and ruling out the possibility of evidence on certain topics. If Pega believes, supported by a reasonable basis, that Appian is not complying with its obligation to produce discovery requested or ordered, then Pega can file a motion with the Court requesting specific, additional discovery.

A.  Custodians' Mobile Phones

First, Appian seeks to compel Pega to search its primary custodians' mobile phones for and produce responsive text messages.  However, out of Pega's ten primary custodians, only as to six—Alan Trefler, Leon Trefler, Ken Stillwell, John Huggins, Emilio Martire, and Lisa Pinchtman Rogers—has Appian provided reason to believe that they used their phones for relevant, work-related text messaging.  See Doc. Nos. 213-1 to -2, -4 to -6, -11 to -14, -66, -98 to -102.  Appian has not made a sufficient showing as to the other custodians.  In re Turquoise Hill Res. Ltd. Sec. Litig., No. 20-CV-8585 (LJL), 2025 WL 27487, at * 1 (S.D.N.Y. Jan. 3, 2025) (allowing motion to compel search of text messages of eight custodians but denying as to remainder of custodians where evidence did not suggest responsive documents would be found on those custodians' phones).  For that reason, Appian's request is ALLOWED as to the six above named custodians and otherwise DENIED.  Pega shall produce the requested discovery in an electronic format that includes metadata and comports with the parties' ESI protocol.

B.  Pega's Sales and Marketing Teams

Next, Appian requests an order requiring Pega to run searches across its sales and marketing teams for documents and communications regarding the challenged statements and to produce those documents.  This mirrors Pega's Motion to Compel above.  As with that motion, the documents sought are squarely on point: Appian's counterclaims concern Pega's communications with customers in the wake of the Virginia Litigation, and Pega's marketing and sales teams would be the ones to have such communications.  Although Pega argues that all lower-level employees were instructed to refer inquiring customers to Pega's Microsite on the Virginia Litigation or to funnel such communications to senior leadership, the Court reasonably infers that relevant communications between lower-level employees and inquiring customers still occurred.  Nor has Pega shown that the requested search would be disproportionate to the needs

3

of the case or otherwise present an undue burden. After all, the size of Pega's sales and marketing teams (between 400 and 700 employees, per Pega's counsel) is similar enough to the size of Appian's sales and marketing teams (hundreds of employees, per Appian's counsel), on whom Pega's Motion to Compel focuses. In addition, Pega has not put forth any meaningful proposal other than the "nothing" to Appian's "all" approach. Of course, Appian's "all" is not an all-documents request but a request for a search for certain types of documents across a subset of Pega's employees. Appian's request as to Pega's sales and marketing teams is ALLOWED.

      C.    <u>Pega's Client Communications</u>

Appian also requests that Pega be made to produce documents responsive to certain of Appian's document requests on the subject of communications between Pega employees and third parties. While Pega has already produced Customer Relationship Management ("CRM") data responsive to these requests, Appian would like Pega to produce additional documents—primarily from email—not within that CRM production. Request Nos. 59 and 60 focus on conversations that Pega employees—other than four higher-ups—had with customers, potential customers, investors, or industry analysts about the Virginia Litigation. Requests No. 65 and 66 seek documents relating to the decision of any entity that declined or reduced business with Pega due to the challenged Appian statements or the Virginia Litigation. Request No. 76 seeks documents sufficient to identify any project with a client or potential client for which Pega competed with Appian, which entity won the project, and what revenue Pega expected to or did realize from the project. Pega agreed to comply with Request No. 76 at the conference, and both counsel noted that, to the extent revenue information had not been produced, it was primarily information about actual—as opposed to estimated—revenue that was lacking. As to Request Nos. 59, 60, 65, and 66, the requested documents are relevant to the challenged statements made,

customers' responses to those statements, and the damages incurred. Appian's motion on this front is ALLOWED.

### D. Additional Pega Custodians

Finally, Appian would like Pega to supplement its productions with two additional primary custodians and two limited custodians tailored to documents regarding the Microsite. The only one of those four who should be added as a custodian is Sean Audet, Pega's Director of Corporate Communications. Audet was directly and substantively involved in crafting and disseminating communications regarding the Virginia Litigation; that he worked under the supervision of Lisa Pinchtman Rogers, who is already a custodian, does not negate his relevance. The other three requested custodians—Kerim Akgonul, Tom Bachmann, and Paul Lenzi—were not substantively involved in such communications. As such, Appian's request is ALLOWED as to Audet but DENIED as to Akgonul, Bachmann, and Lenzi.

## IV. CASE MANAGEMENT

Before concluding, the Court pauses to address the procedure for the remaining monthly status conferences scheduled pursuant to its Order of April 1, 2025, Doc. No. 194. For each such conference, the parties may submit only one joint status report, and each party may submit only one motion to compel or similar discovery motion. Each joint status report shall address any discrete disputes that the parties see fit for judicial resolution, shall be limited to five pages per party, and shall be submitted to the Court no later than one week prior to the corresponding status conference. Each motion to compel shall request specific relief and be filed, along with a supporting memorandum not to exceed twenty pages, no later than two weeks before the corresponding status conference, with an opposition, not to exceed twenty pages, due one week before that conference. Additionally, the parties shall submit one paper courtesy copy of any

memorandum which, including supporting documents and exhibits, exceeds forty pages in length.

V.  CONCLUSION

As outlined above, Pega's Motion to Compel, Doc. No. 212, is ALLOWED to the extent that Appian must produce documents from its sales and marketing teams containing, discussing, or referring to the challenged statements or substantially similar statements. It is otherwise DENIED.  Appian's Motion to Compel, Doc. No. 213, is ALLOWED to the following extent and otherwise DENIED: (A) Pega shall search the mobile phones of Alan Trefler, Leon Trefler, Ken Stillwell, John Huggins, Emilio Martire, and Lisa Pinchtman Rogers and produce any responsive text messages discovered thereon; (B) Pega shall produce the requested documents from its sales and marketing teams; (C) Pega shall produce documents responsive to Appian's Requests Nos. 59, 60, 65, 66, and 76; and (D) Pega shall add Sean Audet as a primary custodian.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge