UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEGASYSTEMS INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 23-11776-LTS |
| APPIAN CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

ORDER APPOINTING SPECIAL MASTER

September 8, 2025

SOROKIN, J.

The parties to this case have engaged in a protracted and complex dispute regarding Defendant Appian's request for production of certain documents over which Plaintiff Pegasystems Inc. ("Pega") asserts claims of attorney-client privilege and/or work product. See Doc. Nos. 268, 298, 301.[1] These documents relate to Pega's engagement of the public relations firm Edelman. Doc. No. 298. The Court previously reviewed a sample of the contested documents in camera and issued an Order providing the parties with guidance to resolve or narrow their dispute. Id. In light of that guidance, Pega withdrew its assertion of privilege and/or work product over nearly 3,500 documents. Doc. No. 301 at 1. Pega continues to assert privilege and/or work product over approximately 700 documents; Appian continues to seek production of those documents. Id. at 1–2, 4–7. The Court has previously discussed with the parties its intent to appoint a Special Master to resolve any remaining privilege disputes.

---

[1] Citations to "Doc. No. __" refer to documents appearing on the court's electronic docketing system ("ECF"); pincites are to the page numbers in the ECF header.

The Court hereby appoints the Honorable Judith Fabricant—a retired chief justice of the Superior Court of the Commonwealth of Massachusetts now affiliated with JAMS—as a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure. Judge Fabricant shall resolve (subject only to rights of appeal or objection to the undersigned) the outstanding privilege dispute regarding the approximately 700 documents discussed in the parties' most recent status report. Doc. No. 301. In resolving this dispute, Judge Fabricant shall apply the principles set out in this Court's previous Order on Appian's Motion to Compel, Doc. No. 298, and the general law governing privileges.

Prior to commencing her work on this matter, Judge Fabricant shall file, as soon as reasonably possible, an affidavit disclosing whether she believes any ground for disqualification of her exists under 28 U.S.C. § 455. Fed. R. Civ. P. 53(b)(3)(A). No later than two business days after the filing of this affidavit, any party objecting to Judge Fabricant serving as Special Master shall do so by filing the objection on the docket in this case. Judge Fabricant's appointment as Special Master will become effective upon the resolution of any disclosed ground for disqualification and any objections to her appointment.

In the absence of a sustained objection, the parties shall bear equally the cost of Judge Fabricant's service at her ordinary and customary rate, subject to a possible reapportionment by the Court at the conclusion of her service. Fed. R. Civ. P. 53(g).

As Special Master, Judge Fabricant will proceed with all reasonable diligence to resolve the parties' privilege dispute. Fed. R. Civ. P. 53(b)(2). The parties in coordination with Judge Fabricant shall maintain a record of their submissions to her as well as the order(s) she issues. Judge Fabricant shall file her order resolving the privilege dispute with the Court by sending a

copy to the clerk of this session, who will docket it.  The parties may then file any objections to Judge Fabricant's order pursuant to Fed. R. Civ. P. 53(f).

    The parties shall make the necessary arrangements with JAMS.  The Clerk of this session shall provide the necessary contact information to counsel.

                                          SO ORDERED.

                                          /s/ Leo T. Sorokin
                                        United States District Judge