UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEGASYSTEMS INC., Plaintiff and Counterclaim-Defendant, v. APPIAN CORPORATION, Defendant and Counterclaim-Plaintiff. | Civil No. 23-11776-LTS |

ORDER ON MOTIONS IN LIMINE (DOC. NOS. 723, 727, 729, 733, 736)

August 21, 2026

SOROKIN, J.

The parties have filed five motions in limine seeking to exclude the other's expert opinions. Pega moves to exclude (1) the testimony of Richard Marshall, Appian's enterprise-software industry expert (Doc. No. 723) and (2) portions of the opinion and testimony of Jennifer Vanderhart, Appian's damages expert (Doc. No. 727). Appian moves to exclude (1) the opinion and testimony of John Drum, Pega's financial-viability expert (Doc. No. 729), (2) the survey, opinion, and testimony of Sarah Butler, Pega's customer-survey expert (Doc. No. 733), and (3) the testimony and opinion of Thomas McGahee, Pega's damages expert (Doc. No. 736).

In a separate order issued today, the Court resolved the parties' cross-motions for summary judgment.[1] The Court's summary-judgment decision meaningfully narrowed the scope

[1] The Court's summary-judgment order largely does not rely on the challenged expert opinions that are the subjects of the pending motions in limine. The Court explained in that order that, to the extent it relied on those challenged expert opinions, the motions in limine did not specifically address the narrow issues that were pertinent for summary judgment.

of this case. The parties will proceed to trial on the handful of statements and claims that survived. The motions in limine levied sweeping attacks on the challenged expert opinions, but they were not tailored to the particular (and much narrower) issues that now remain for trial. In these circumstances, the Court leaves it to the parties in the first instance to reassess, in light of the summary-judgment ruling, the scope of their disputes over anticipated expert evidence.

The motions in limine (Doc. Nos. 723, 727, 729, 733, 736) are all DENIED WITHOUT PREJUDICE. To the extent a party seeks to exclude opinions or testimony from these experts (Marshall, Vanderhart, Drum, Butler, and McGahee) pertinent to the issues remaining for trial, the party may file a renewed motion in limine. All pretrial Rule 702 motions are due September 18, 2026, with oppositions due October 2, 2026. Doc. No. 699. Briefing for any renewed motion shall adhere to this schedule, unless the parties agree otherwise with the Court's approval.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge