UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PEGASYSTEMS INC., Plaintiff and Counterclaim-Defendant, v. APPIAN CORPORATION, Defendant and Counterclaim-Plaintiff. | ) | Civil No. 23-11776-LTS |

MEMORANDUM AND ORDER ON APPIAN'S MOTION FOR LEAVE TO FILE A SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT OR FOR PARTIAL DISMISSAL ON FORUM NON CONVENIENS GROUNDS (DOC. NO. 836)

October 22, 2026

SOROKIN, J.

Pega sues Appian for defamation and other related claims. After the Court's ruling on summary judgment, three categories of statements remain for trial on Pega's defamation claim: the "Trefler" statements, the "Viability" statements, and a single Thompson "Criminality" email. See Doc. No. 804 at 98. Appian now moves for leave to file a second motion for partial summary judgment as to the "Criminality" email, or, in the alternative, for partial dismissal of that statement on *forum non conveniens* grounds. Doc. No. 836. Pega opposes. Doc. No. 887.

Insofar as Appian seeks to file a second motion for summary judgment, the Motion is DENIED. The "Criminality" email is too small of a portion of Pega's claims to warrant disrupting the parties' and the Court's pretrial preparations. This is especially so when the issues Appian wishes to raise may be addressed through other procedural vehicles, such as a directed verdict motion or jury instructions. Insofar Appian moves to dismiss on *forum non conveniens*

grounds, the Motion is also DENIED. It comes too late. Even if allowed, it saves too little to justify the effort at this point. And it would impose too great a burden on the parties as well as UK courts.

That said, the issue Appian raises is not as de minimis as Pega implies. The choice of law issue is substantial. While Pega cites caselaw suggesting that Massachusetts might provide the relevant law when considering a statement published in multiple forums, id. at 15–16, that is not the issue here. Rather, Pega's defamation claim presents three separate categories of statements. One of those categories, "Criminality," features a single statement. That statement appears to have been published in the UK, by a UK author, to a UK recipient working for the UK Government, on the subject of a contract with the UK Government. In the absence of a fuller legal or factual development, the foregoing suggests the application of UK law to that much of Pega's defamation claim. Whether Appian "forfeited" this argument, id. at 20, by not arguing for the application of UK law or *forum non conveniens* as to this statement earlier in the litigation is a matter the parties can address if they wish.

Of course, there is no doubt that the nature of Pega's "Criminality" defamation claim has shifted substantially in the wake of the Court's summary judgment order. Pega alleged and vigorously contended throughout this extensive litigation that Appian had "directed executives, employees, and agents—including one of its cofounders and one of its board members—to participate in a far-reaching campaign to suggest, imply, or state outright that Pegasystems had been found guilty of a felony criminal offense." Doc. No. 17 ¶ 2. Despite years of litigation, hundreds of docket entries, and voluminous discovery, Pega failed to prove any such coordinated effort. All that survived summary judgment on this aspect of the defamation claim was the single Thompson email.

In light of these circumstances, the parties shall brief the following issues:

(1) Has Appian forfeited the right to assert that UK law applies to the Thompson "Criminality" email?

(2) If not, must the Court apply the same law to all three categories of the allegedly defamatory statements advanced under Count I?

(3) If not, should the Court apply UK law to the Thompson "Criminality" email?

(4) If so, what is the UK law governing the allegedly defamatory statement?

Whatever the parties' respective views on each of these four questions, each side shall address all four questions. Given the Court's unfamiliarity with English law, the parties shall brief these issues on the following schedule in advance of the Final Pretrial Conference scheduled for November 23, 2026. Because Appian raised this issue, it shall address these questions in a brief limited to twenty pages due on October 28, 2026. Pega shall respond in a brief limited to twenty pages due on November 9, 2026. Appian can file a reply limited to five pages by November 12, 2026.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge