**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PEGASYSTEMS INC.,

*Plaintiff/Counterclaim-Defendant*,

v.

APPIAN CORPORATION,

*Defendant/Counterclaim-Plaintiff*.

Civil Action No.: 23-cv-11776 (LTS)

Redacted Pending Sealing Motion
Motion to Seal Filed on November 10, 2026

**PLAINTIFF/COUNTERCLAIM-DEFENDANT PEGASYSTEMS INC.'S**
**TRIAL BRIEF**

**LIST OF EXHIBITS IN PEGA'S TRIAL BRIEF**


PROPOSED VOIR DIRE QUESTIONS

| | |
|---|---|
| Proposed Voir Dire Questions | Exhibit 1 |

PROPOSED JURY INSTRUCTIONS

| | |
|---|---|
| Preliminary | Exhibit 2 |
| Final | Exhibit 3 |

PROPOSED JURY VERDICT FORM

| | |
|---|---|
| Proposed Jury Verdict Form | Exhibit 4 |

REMAINING OBJECTIONS TO EVIDENCE

| | |
|---|---|
| Objections to Appian's Exhibit List | Exhibit 5 |
| Objections to Appian's Deposition Designations | Exhibit 6 |

# TABLE OF CONTENTS

**Page**


I. MOTIONS IN LIMINE AND EVIDENTIARY ISSUES .......... 1

II. PRINCIPAL CLAIMS AND DEFENSES OF THE PARTIES TO BE READ TO THE VENIRE DURING EMPANELMENT .......... 1

III. WITNESS NAMES AND LOCATIONS .......... 3

IV. PROPOSED VOIR DIRE QUESTIONS .......... 4

V. PROPOSED JURY INSTRUCTIONS .......... 4

VI. PROPOSED JURY VERDICT FORM .......... 4

VII. REMAINING OBJECTIONS TO EVIDENCE .......... 4

Pursuant to the Court's April 1, 2025 Order Setting Case for Trial (Doc. No. 195, ¶ 6) and Local Rule 16.5(f), Plaintiff/Counterclaim-Defendant Pegasystems Inc. ("Pega") respectfully submits this Trial Brief.

## I. MOTIONS IN LIMINE AND EVIDENTIARY ISSUES

Pega has filed the following motions in limine in advance of the Final Pretrial Conference:

1. Motion to exclude Dr. Jennifer Vanderhart's lost profits opinion due to lack of any evidence of causation. (Doc. No. 924)

2. Motion to exclude Dr. Jennifer Vanderhart's disgorgement opinion due to lack of any evidence of causation. (Doc. No. 927)

3. Motion to bifurcate Appian's equitable disgorgement claim. (Doc. No. 930)

4. Pega's Motion to authorize use of Virginia discovery for cross examination, impeachment, and to refresh recollection. (Doc. No. 933)

5. Pega's Motion in Limine to exclude improper use of Virginia appellate court decisions. (Doc. No. 935)

6. Pega's Motion in Limine to exclude argument regarding the merits of the claims at issue in the Virginia Litigation. (Doc. No. 938)

7. Pega's Motion in Limine to exclude Appian from introducing certain Edelman-related evidence and testimony. (Doc. No. 941)

8. Pega's Motion in Limine to exclude reference to Youyong Zou verdict. (Doc. No. 943)

9. Pega's Motion in Limine to exclude references to alleged Pega conduct post-dating the Virginia Litigation. (Doc. No. 946)

10. Pega's Motion in Limine to exclude references to other litigation. (Doc. No. 948)

11. Pega's Motion in Limine to exclude references to personal wealth of Pega executives. (Doc. No. 949)

## II. PRINCIPAL CLAIMS AND DEFENSES OF THE PARTIES TO BE READ TO THE VENIRE DURING EMPANELMENT

This is a civil case between two corporations. Here, the plaintiff is Pegasystems Inc., which I will call "Pega," and the defendant is Appian Corporation, which I will call "Appian." Appian

has also brought counterclaims against Pega. This case arises out of an earlier case in Virginia, that Appian—the defendant here—brought against Pega. After the jury found in Appian's favor in that case, Appian began making public statements about the case and about Pega's ability to continue operating as a company. But Pega was appealing that verdict, and succeeded in having it overturned on appeal due to several errors in the Virginia trial. Pega also made public statements that responded to Appian's public statements.

Pega brings three claims against Appian. First, Pega claims that Appian defamed Pega—that is, made false statements of fact about Pega that could harm its reputation—in three respects: (1) a February 8, 2023, email from Appian account executive David Thompson falsely suggesting that Pega had been found to be a criminal; (2) Appian's statements regarding Pega's viability, or its ability to keep going as a company, following the now-overturned Virginia court verdict ; and (3) Appian's statements regarding Pega's CEO, Alan Trefler, falsely suggesting that Mr. Trefler engaged in specific misconduct. Second, Pega claims that Appian committed trade libel—that is, made false statements about Pega's products or services that caused Pega financial harm—through Appian's statements regarding Pega's viability. Third, Pega claims that Appian engaged in false advertising in violation of a federal statute called the Lanham Act through Appian's statements regarding Pega's viability and regarding Mr. Trefler. Appian denies Pega's claims, contending that the statements do not constitute defamation, trade libel, or false advertising.

Appian brings two counterclaims against Pega. First, Appian claims that Pega engaged in false advertising in violation of the Lanham Act through what you may hear referred to as the "Petronio," "Widely Available," "Free Trials," and "Viability" statements. Second, Appian claims that, through those same statements, Pega engaged in unfair methods of competition in violation of a Massachusetts statute known as Chapter 93A. Pega denies Appian's counterclaims,

contending that the statements in question were true and not misleading, that customers were not deceived by these statements and that they did not influence customers' purchasing decisions, and that Appian was not harmed by any of these statements, among other defenses.

## III. WITNESS NAMES AND LOCATIONS

Pega identifies the following potential witnesses and their city of residence:

| Witness | City of Residence |
|---|---|
| Sean Audet | Melrose, MA |
| Charles Bakaly | Alexandria, VA |
| Michael Beckley | Falls Church, VA |
| Sarah Butler | Mill Valley, CA |
| Matthew Calkins | Arlington, VA |
| Casey Dell'Isola | Chevy Chase, MD |
| John Drum | Denver, CO |
| Chuck Easttom | Plano, TX |
| Benjamin Farrell | Staunton, VA |
| Tom McGahee | Bogart, GA |
| Keri Pearlson | Austin, TX |
| John Petronio | Lexington, MA |
| Paul Pinto | Alpharetta, GA |
| Anissa Pierson | Herndon, VA |
| Lisa Pintchman | Somerville, MA |
| Jennifer Risi | New York, NY |
| Cuyler Robinson | Le Grange, IL |
| David Robbins | Bethesda, MD |
| Malcolm Ross | Vienna, VA |
| Donald Schuerman | Winchester, MA |
| Ken Stillwell | Gilford, NH |
| Alan Trefler | Brookline, MA |
| Leon Trefler | Boca Raton, FL |
| Marc Wilson | Arlington, VA |
| William Ziegert | Indianapolis, IN |
| Brian Sowers | Acton, MA |
| Jennifer Vanderhart | Vienna, VA |
| Michael Garland | Washington, D.C. |
| Richard Marshall | Edinburgh, UK |
| Arun Sarada* | Deposed in Dubai, U.A.E., in 2022 |
| Barbara Coughlin* | Franklin, TN |
| Benjamin Baril* | Deposed in Montreal, Quebec, Canada in 2026 |
| Brian LaPenna* | Kinnelon, NJ |

| | |
|---|---|
| Craig Spencer* | Cornelius, NC |
| Eric Davis* | Secaucus, NJ |
| Jacqueline Van Wees* | Deposed in Amsterdam, Netherlands in 2021 |
| Jennifer Cirrito* | Tampa, FL |
| Joseph R. Linn III* | Austin, TX |
| Krishna Potluri* | Deposed in Dubai, U.A.E., in 2022 |
| Lee Alman* | West Hollywood, CA |
| Michael Fine* | St. Augustine, FL |
| Nguyen Anh-Le* | Marietta, GA |
| Peter Bessman* | Easton, PA |
| Robert Spencer* | St. Petersburg, FL |
| Shawn Bearden* | Port St. Lucie, FL |
| Vijay Vaddem* | Deposed in Hyderabad, India in 2022 |

Pega has identified witness city of residence, where necessary, based on public records. Additionally, Appian has designated deposition testimony (from either the Virginia litigation or from this litigation) from the individuals indicated with an asterisk*, but for some of these witnesses, their city of residence was not identified on the record during the deposition, or the deposition is years old. Many of these witnesses are third-party witnesses, including former Pega employees. Pega identifies the likely location of these potential Appian witnesses (by designation) based on (1) their deposition testimony, where it notes their city of residence, (2) public records, where available, and/or (3) the location of their deposition, where necessary.

## IV. PROPOSED VOIR DIRE QUESTIONS

Pega's proposed voir dire questions are attached as **Exhibit 1.**

## V. PROPOSED JURY INSTRUCTIONS

Pega's proposed preliminary jury instructions are attached as **Exhibit 2.**

Pega's proposed final jury instructions are attached as **Exhibit 3.**

## VI. PROPOSED JURY VERDICT FORM

Pega's proposed jury verdict form is attached as **Exhibit 4.**

## VII. REMAINING OBJECTIONS TO EVIDENCE

Pega's remaining objections to the evidence identified in the pretrial disclosures required

by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as any deposition testimony being offered, are set forth in its October 30 disclosures pursuant to Doc. No. 195 ¶ 3.

Pega's list of objections to Appian's Exhibit List are attached as **Exhibit 5.**

Pega's list of objections to Appian's Deposition Designations are attached as **Exhibit 6**.

Pega has serious concerns with the material Appian has designated. First, Pega objects to Appian's purported designation of deposition transcripts of Mr. Alan Trefler and Mr. Schuerman from Virginia. These are not depositions in this matter and thus cannot be designated. Additionally, these are outside the scope of discovery in this matter as they were neither entered into evidence in nor offered and excluded from the Virginia trial. Appian's designation of these transcripts is thus entirely improper. Second, Pega objects to Appian's purported designation of the portions of depositions that were played at the Virginia trial and of portions of trial testimony from Virginia. These are not depositions in this matter and thus cannot be designated. With respect to the portions of depositions that were played at the Virginia trial, Pega has provided its corresponding counter designations and objections from the Virginia trial. Pega reserves the right to seek fees and costs for the time spent responding and objecting to these designations.

Pega objects to Appian's inclusion of Ms. Jennifer Cirrito on its witness list as Appian did not disclose Ms. Cirrito in either its initial disclosures or in its supplement to its initial disclosures.

Pega makes these objections and disclosures without prejudice to amending or supplementing the objections or disclosures in the future if necessary, including but not limited to, further supplementing or reducing the objections set forth in the objections transmitted herewith. Pega reserves the right to use any deposition testimony, whether designated or not, for purposes of cross-examination, impeachment, and/or rebuttal. Pega reserves the right to designate additional deposition testimony or call any witness for live testimony in response to Appian's disclosures or for any other reason. Pega's deposition objections include objections to all exhibits that are

referenced in the specific pages and lines, whether or not such exhibits are separately identified or separately objected to. Pega reserves the right to use any deposition testimony designated by Appian or any exhibit identified by Appian. The listing of objections, or not, as to any deposition designation or exhibit is neither an admission nor a representation as to the admissibility of or relevance to any issue contained in any deposition designation or exhibit. These objections are supplemental to any motions in limine, motions to strike or exclude, Daubert motions, and challenges to experts, and any dispositive motions, and are not intended to limit the scope of such motions. The omission of any objection to any document on Appian's exhibit list or to any designation is not a concession as to authenticity or admissibility, and Pega expressly reserves all objections to any exhibit, witness, or testimony offered by Appian. Pega further reserves all rights to object to counter-designations served by Appian in response to Pega's deposition designations. Pega reserves the right to make additional objections leading up to and at trial.

Dated: November 11, 2026

Respectfully submitted,

PEGASYSTEMS INC.
*By its attorneys*,

*/s/* R. David Hosp

R. David Hosp (BBO No. 634091)
Mark S. Puzella (BBO No. 644850)
Sheryl K. Garko (BBO No. 657735)
Matthew D. LaBrie (BBO No. 693698)
Katherine E. Kerrick (BBO No. 707966)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, Massachusetts 02116
Tel: (617) 880-1800
Fax: (617) 880-1801
dhosp@orrick.com
mpuzella@orrick.com
sgarko@orrick.com
mlabrie@orrick.com
kkerrick@orrick.com

Peter Bicks (*pro hac vice*)
Wesley L. White (*pro hac vice*)
Paige Pavone (*pro hac vice*)
Olivia H. Clements (*pro hac vice*)
Lindsay M. Rindskopf (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, New York 10019
Tel: (212) 506-3670
Fax: (212) 506-5151
pbicks@orrick.com
wwhite@orrick.com
ppavone@orrick.com
oclements@orrick.com
lrindskopf@orrick.com

Avery Cartwright (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue, Suite 2700
Los Angeles, California 90071
acartwright@orrick.com

Amanda E. Lack (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
353 N. Clark Street, Suite 3600
Chicago, Illinois 60654
alack@orrick.com

Aaron Brecher (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
Tel: (206) 839-4300
Fax: (206) 839-4301
abrecher@orrick.com

Brendan McGuire (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202) 339-8400
Fax: (202) 339-8500
bmcguire@orrick.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 11, 2026, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

Dated: November 11, 2026

*/s/ R. David Hosp*

R. David Hosp